UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SANDRA R. DOHMEN                                                                PLAINTIFF

V.                                    NO. 3:16CV00256-JTR

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                                                  DEFENDANT

## ORDER

**I. Introduction:**

Plaintiff, Sandra R. Dohmen, applied for disability benefits on February 28, 2014, alleging her disability began on September 30, 2008. (Tr. at 10). Her claims were denied initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge ("ALJ") denied Dohmen's application. (Tr. at 18). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner. Dohmen has requested judicial review.

For the reasons stated below, the Court [1] affirms the decision of the Commissioner.

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

## II. The Commissioner's Decision:

The ALJ found that Dohmen had not engaged in substantial gainful activity since the amended alleged onset date of July 1, 2012. (Tr. at 12). At Step Two, the ALJ found that Dohmen has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, headaches status post chiari I malformation decompression, carpal tunnel disease, history of chronic bronchitis, and obesity. *Id.*

After finding that Dohmen's impairments did not meet or equal a listed impairment (Tr. at 12), the ALJ determined that Dohmen has the residual functional capacity ("RFC") to perform the full range of light work, except that: (1) she can only occasionally reach overhead; (2) she can reach and handle on a frequent basis; (3) she should avoid heavy extremes of temperature, and avoid fumes; (4) work should be indoors in a controlled climate; and (5) she can performed unskilled activities. (Tr. at 13).

The ALJ found that Dohmen was capable of performing past relevant work as a bindery feeder (working at a magazine factory). (Tr. at 16). In making an alternative but corollary finding, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Dohmen's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could

perform, including work as a motel maid or poultry line worker. (Tr. at 17-18). Thus, the ALJ concluded that Dohmen was not disabled. *Id.*

## III. Discussion:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d. at 477.

3

B.  Dohmen's Arguments on Appeal

Dohmen contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that: (1) the ALJ erred by discounting the opinion of Dohmen's treating physician, Dr. Michael Crawley; and (2) the ALJ failed to fully and fairly develop the record.

Dohmen saw Dr. Crawley regularly for nasal congestion and drainage, which recurred several times during the relevant period but was acute in nature. (Tr. at 308-309, 315, 316, 328, 334, 338). Dr. Crawley prescribed antibiotics and cough medicine and encouraged fluids and rest. *Id*. The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

Dohmen presented to Dr. Crawley on February 4, 2013 with knee pain and stiffness. (Tr. at 331). A lab test for arthritis suggested Dohmen was experiencing inflammation, but her RA factor test was negative. (Tr. at 329-330). On February 13, 2014, an x-ray of Dohmen's knee showed no fractures, but Dr. Crawley diagnosed joint pain. (Tr. at 311). He ordered an MRI of the knee, which showed a contusion, but no internal derangement, fracture, or tear. (Tr. at 294, 305, 307). In August 2014, Dohmen returned to Dr. Crawley with knee joint pain, but Dr. Crawley said that her current medications were effective, and he recommended weight loss

through exercise. (Tr. at 404-407). A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir. 2009).

As for Dohmen's back, she had a craniectomy and laminectomy at C1 in February 2007. (Tr. at 281). Her doctor noted she was doing very well at four post-op visits, and she was instructed to continue normal activity. (Tr. at 273-280). A May 2013 MRI of the lumbar and cervical spine showed mild degenerative changes with moderate bilateral foraminal narrowing. (Tr. at 323, 324). Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004).

Dohmen undertook physical therapy for back pain in June 2013, which was effective overall. (Tr. at 256-270). Her rehabilitation potential was good and she was allowed to resume normal activities as of June 27, 2013. (Tr. at 257). At the time of discharge, her therapist noted that Dohmen had missed the last few appointments but she had made progress. (Tr. at 258). On July 24, 2013, July 17, 2014, and August 21, 2014, Dohmen had normal musculoskeletal exams with no muscle or joint pain and range of motion within normal limits. (Tr. at 319, 405-409). On April 9, 2014, her gait was within normal limits and she had normal straight-leg raising and normal flexibility. (Tr. at 306). Normal examination findings are not indicative of disabling

pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001).

Two state-agency medical consultants reviewed the record and limited Dohmen to work at the medium level. (Tr. at 70, 80).

Dr. Crawley submitted a medical source statement dated April 27, 2015, which placed significant limitations on Dohmen. (Tr. at 445). He said she could sit less than 2 hours per day, could lift and carry less than 10 pounds, and was unable to reach, finger, and handle. *Id*. He said she must avoid all exposure to environmental pollutants and avoid extreme heat and cold. *Id*. The ALJ gave little weight to the opinion of Dr. Crawley, for the following reasons.

First, Dr. Crawley's statement is in a check-the-box form, with no elaboration or reference to detail medical findings. A conclusory checkbox form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). Second, Dr. Crawley's restrictive statements do not correlate to his own mild clinical findings and his prescription for conservative treatment regimens. *See Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008) (finding that the ALJ properly rejected a physician's assessment where it was inconsistent with the objective medical evidence and other evidence in the record). Dr. Crawley also observed that Dohmen's pain was controlled by medications. (Tr. at 398). Impairments that are controllable or

6

amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Dr. Crawley did not place any functional restrictions on Dohmen and, in fact, encouraged her to exercise. A lack of physician-imposed restrictions may serve as a reason to discredit a claimant's credibility. *Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003).

The ALJ did not find sufficient evidence to support Dr. Crawley's opinion, and thus gave it little weight. The opinion of a treating physician does not automatically control; nor does it eliminate the need to evaluate the record as a whole. *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001)). An ALJ may discount or disregard the opinion of a treating physician when other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of the opinions. *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) The ALJ pointed out the inconsistencies in Dr. Crawley's opinion (incredulously asking why Dohmen must avoid sunlight, as an example of an extreme but unwarranted restriction). (Tr. at 52). *See Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000) (the ALJ may discount a treating physician's opinion where he renders inconsistent opinions that undermine his credibility); *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005) ("physician opinions that are internally inconsistent . . . are entitled to less deference

7

than they would receive in the absence of inconsistencies.") The ALJ gave good reasons for discounting Dr. Crawley's opinion and did not err in that respect.

In a similar vein, the ALJ did not fail in his responsibility to fully develop the record. An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a Plaintiff has the burden of proving her disability; the ALJ does not have to play counsel for the Plaintiff. *Id*. In fact, counsel for Dohmen said he would provide further evidence explaining her reasons for missing work; he did not do so. (Tr. at 60). But, Dohmen still argued that the ALJ should have obtained more evidence by recontacting Dr. Crawley. The ALJ is required to recontact a treating or consulting physician only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011). Here, there was ample evidence to support the ALJ's decision, so recontacting Dohmen's physician was not necessary. The evidence was complete; it simply did not suit Dohmen in her assertion of disability. The ALJ was not required to dig deeper to make a better case for Dohmen.

**IV. <u>Conclusion</u>:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ gave proper weight to the opinion of Dohmen's treating physician

and he based his decision on a fully developed record.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is AFFIRMED, and Dohmen's Complaint is DISMISSED, with prejudice.

DATED this 31st day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE